## CRUMRINE *v.* AUSTIN.

1. CONTRACTS—PHYSICIANS—COMPENSATION—ACTION TO RECOVER.
    Defendant being ill, his physician telephoned a hospital, and was told that room, board, nursing, and the attendance of a house physician could be had for $15 a week. Nothing was said about an operation. Defendant went to the hospital, where he was operated on and afterwards cared for by plaintiff, who was called by the house physician. In an action to recover for such services, *held,* that there was nothing to support a finding that they were covered by the contract referred to, and hence defendant was liable for their reasonable value.

2. SAME—VALUE OF SERVICES—QUESTION FOR JURY.
    Plaintiff testified that his charge was reasonable, but admitted the custom of physicians to regulate their fees in such cases by the financial standing of their patients; while defendant

testified that plaintiff told him, when he presented his bill, that persons who hold political jobs must pay for cases where doctors work for nothing. *Held,* that the reasonable value of the services was a question for the jury.

Error to Wayne; Rohnert, J. Submitted January 13, 1903. (Docket No. 31.) Decided May 29, 1903.

*Assumpsit* by Charles G. Crumrine against Charles H. Austin for professional services. From a judgment for plaintiff for less than the amount claimed, he brings error. Reversed.

*Alex. J. Groesbeck,* for appellant.

*Washington I. Robinson,* for appellee.

GRANT, J. The defendant being ill, his physician, a Dr. Schneider, advised his brother that he had better go to a hospital, and, at the suggestion of defendant or his brother, Dr. Schneider had a conversation with some one at the hospital by telephone, and was told by him that it would cost $15 a week for a private ward, and that would include room, board, nursing, and medical attendance, and he communicated this to Mr. Austin. On cross-examination Dr. Schneider qualified the above statement, made on his direct examination, by stating that he was told over the telephone that the price included the attendance of a house physician and nursing, and that nothing was said about an operation. Nothing in the testimony indicates that the nature of defendant's illness was mentioned in the conversation by telephone.

The defendant was removed to the hospital, where he remained several weeks. He was operated on by the plaintiff, who was called by the house physician, and he rendered him daily service by dressing his wound for a time. When the house physician did so on one occasion, defendant objected, and expressed a preference that the plaintiff should continue to dress his wound, and a willingness to pay extra if he would, and the plaintiff performed

that service thereafter. Defendant paid the hospital the sum of $15 per week in advance, but was surprised to receive a bill from the plaintiff of $200 for the operation, and a total of $167 for other attention. The plaintiff testified that the price charged was reasonable, unless we are to consider it qualified by the statement that the charge in such cases depends upon the ability to pay, and his conversation with the defendant, from which it may be inferred that physicians "regulate their fees by the financial standing of their patients," and that "persons who have political jobs are made to pay for cases where doctors work for nothing," which Austin stated that plaintiff told him, and plaintiff denied. The court left the case to the jury under instructions of which the plaintiff complains, and a verdict was found of $99 for the plaintiff, and he has appealed.

The court instructed the jury that the case must turn on the question whether the hospital authorities agreed with the defendant, through Dr. Schneider, to include the cost of the operation in the price given of $15 per week; if they did, the plaintiff's recovery must be limited to the value of the services rendered after defendant requested him to attend to the duties which the house physician had taken up; if, on the contrary, surgical attention was not included in the bargain, the plaintiff should recover the reasonable value of his services, and the jury should in that case "be guided in the values as put upon the services by the plaintiff, as the reasonableness of such charges was in no way contradicted by any testimony that would alter that as a basis for computation of the damages." The verdict indicates that the jury must have found that the contract was made as claimed by the defendant. The plaintiff claims that the court erred in permitting the jury to so find, for the reason that there was no evidence of such a contract.

We have already seen that the only witness to this talk was Schneider, and that he admitted that the attendance promised was that of a "house surgeon and nursing."

Schneider was defendant's agent, and neither the hospital nor the plaintiff is bound by any misapprehension on the part of Schneider, or misunderstanding growing out of his inaccurate report to the defendant of the terms offered. We must conclude from the undisputed testimony that the attendance of a house surgeon only was offered, and that neither party spoke of an operation. There is nothing to indicate that the hospital authority who talked to Schneider had any reason to suppose an operation was contemplated, and, if Schneider had one in contemplation, it was not mentioned. He asked for the house surgeon, and it is reasonable to suppose he knew the duties of such an officer; also that his patient would be expected to enter the hospital subject to its rules, whatever they were, except as they might be modified or affected by the conversation. The by-law introduced shows that the house surgeon is not given charge of patients. The circuit court could properly have said that the contract was not proved as claimed by defendant. The defendant would then be liable for the reasonable value of the services rendered. The plaintiff was injured by the instruction which permitted the jury to exclude the value of the operation and early attention from the sum allowed. On the other hand, we think that the reasonable value of the services was a question for the jury.

The judgment is reversed, and a new trial ordered.

The other Justices concurred.